The opinion of the Court was delivered by
Fenner, J.
The defendant appeals from a conviction and sentence for receiving stolen property, as denounced by Section 832, R. S.
The errors assigned are embodied in a motion in arrest and in hills of exception to rulings of the Judge in charging the jury.
We will first consider the grounds presented by the motion in arrest, viz:
1. That the indictment does not charge that the goods had been feloniously stolen. The indictment charges that he “ did feloniously and knowingly receive, etc.,” the property, and that “ he well knew the same was stolen property.” This brings tlio case precisely under the authority of State vs. Allemand, 25 A. 526, where the same objection was overruled.
2. That the indictment does not set forth who stole the property or from whom defendant received it, nor does it allege that the thief was unknown.
It seems to be well settled that such averments are not essential. Waterman’s U. S. Cr. Dig. p. 535, Sec. 33; 2 Bishop Cr. Proc. § 982.
3. That the indictment does not charge that the goods had been “ taken and carried away,” as well as “ stolen ” by the thief.
The charge that they had been stolen, is sufficient. Com. vs. Lakeman, 5 Gray, 82.
4. That it does not allege that the property was received “ with intent to deprive the owner thereof.”
Criminal intent is, of course, of the essence of the crime, but the Statute makes no formal requirements as to the mode of expressing the same. We think it is sufficiently expressed here by the charge, that lie did feloniously receive and convert to Ms own use the property.
The bill of exceptions is taken to the refusal of the Judge to give two charges.
As to the first charge asked, touching the effect of the possession of *491 stolen property as an element of proof, we tliink the Judge stated the law correctly and completely when he charged that “ possession of stolen property was not conclusive proof, either of larceny, or of receiving goods, knowing them to be stolen by the possessor, but was a fact to be passed on by the jury in the light of surrounding facts and circumstances.”
The second charge asked and refused was this: “ If it should appear on the trial of the defendant that the offense with which the principal is charged did not amount to a felony, and if felony is not charged, the prosecution cannot be maintained.
The Judge refused this charge as being a legal proposition not in any way applicable to the case; because a felony toas charged under the indictment; and because there is no principal in the crime charged except the defendant, the original thief not occupying that relation to the offense.
We cannot say the Judge erred.
Judgment affirmed.